OPINION
{¶ 1} Appellant, Mandrell Young, appeals the judgment entered by the Ashtabula County Court of Common Pleas. Young was convicted of possession of cocaine in violation of R.C. 2925.11, a fourth degree felony.
 {¶ 2} Prior to beginning his shift, Officer Hugh Flanigan of the Geneva-on-the-Lake Police Department searched the back-seat area of his patrol car. He testified that the search revealed the absence of any contraband in the back-seat area of the patrol car. After searching the car, Officer Flanigan began his patrol. Officer Robert Bradshaw rode with Officer Flanigan on the patrol.
 {¶ 3} Young was operating a motorcycle with a female passenger. He was stopped for a traffic violation by Officers Flanigan and Bradshaw. Young was handcuffed and placed in the back of the patrol car to be transported to the police station. His female companion was also given a ride in the back of the cruiser, so that she could call someone to pick her up at the police station.
 {¶ 4} After arriving at the police station, Young was taken to a room to be processed. Thereafter, Officer Bradshaw searched the back-seat area of the patrol car and found a plastic baggie containing cocaine.
 {¶ 5} Young signed a Miranda rights waiver form. He then signed a confession admitting the cocaine was his.
 {¶ 6} Young was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03, and one court of possession of cocaine, in violation of R.C. 2925.11. Initially, Young entered a plea of not guilty to these charges.
 {¶ 7} Young filed a motion to suppress his statements to the police. Young, Officer Flanigan, and the female passenger testified at the suppression hearing. Following the hearing, the trial court denied the suppression motion. Thereafter, Young entered a plea of no contest to the charge of possession of cocaine. The trafficking in cocaine charge was dismissed. The trial court convicted Young of the possession of cocaine charge and sentenced him to a fifteen-month prison term.
 {¶ 8} On appeal, Young raises the following assignment of error:
 {¶ 9} "The trial court erred when overruling appellant's motion to suppress."
 {¶ 10} Young claims the trial court should have suppressed his confession, because the confession was not given voluntarily.
 {¶ 11} "`In deciding whether a defendant's confession is involuntarily induced, the court should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement.'"[1]
 {¶ 12} These same factors apply when determining if a defendant voluntarily waived his Miranda rights.[2]
 {¶ 13} Young testified at the suppression hearing. He admitted that he had a prior conviction for a marijuana offense. Therefore, he had prior criminal experience. The confession indicated that he was twenty-five years old, could read and write, and completed the tenth grade. Taken together, these factors support the state's contention that the confession was voluntary.
 {¶ 14} Young signed the Miranda waiver at 7:25 p.m., less than ninety minutes after he was stopped on the motorcycle. This indicates the length of the interrogation was relatively short. Young testified that one of the officers offered him a cigarette. He smoked the cigarette and began to relax. He also stated that the officers moved his handcuffs from the back to the front to make him more comfortable. These factors suggest that neither the length, nor the intensity, of the interrogation was excessive.
 {¶ 15} There was no evidence presented indicating the officers were physically abusive. Nor was there any evidence presented to suggest any physical deprivation.
 {¶ 16} Young testified that the officers threatened him with more charges if he did not confess to possessing the contraband However, Officer Flanigan specifically denied making this threat. Moreover, he stated that he did not recall Officer Bradshaw making any threats or promises. Also, Young claims that Officer Bradshaw advised him what to write. Officer Flanigan denied that he advised Young what to write.
 {¶ 17} There was conflicting testimony regarding the alleged threats or promises made to Young. However, we note that the credibility of witnesses at a suppression hearing is an issue for the trier of fact.[3]
 {¶ 18} Based on the totality of the circumstances, we cannot say the trial court erred by failing to grant Young's motion to suppress. Young had prior criminal experience, gave a statement within a relatively short amount of time, and signed a Miranda rights waiver. Therefore, the trial court did not err by determining that Young's statement was made voluntarily.
 {¶ 19} Young's assignment of error is without merit.
 {¶ 20} The judgment of the trial court is affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and Diane V. Grendell, J., Concur.
[1] State v. Twyford (2002), 94 Ohio St.3d 340, 360, quoting State v.Edwards (1976), 49 Ohio St.2d 31, paragraph two of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911.
[2] Id., citing State v. Green (2000), 90 Ohio St.3d 352, 366.
[3] Id. at 361, quoting State v. Keene (1998), 81 Ohio St.3d 646,656.